UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSANA L., <br>   Plaintiff, <br> v. <br> KILOLO KIJAKAZI, <br>   Defendant. | Case No. 20-cv-05521-DMR <br><br> **ORDER GRANTING MOTION FOR ATTORNEYS' FEES** <br> Re: Dkt. No. 33 |

Plaintiff Susana L. filed a complaint seeking to reverse the Commissioner of the Social Security Administration's administrative decision to deny her application for benefits under the Social Security Act, 42 U.S.C. § 401 *et seq*. The court granted Plaintiff's motion for summary and remanded the matter for further administrative proceedings. [Docket No. 28.] Following remand, an Administrative Law Judge ("ALJ") found that Plaintiff is disabled and entitled to past-due disability benefits. Plaintiff's counsel Nancy K. McCombs now moves for an award of attorneys' fees under 42 U.S.C. § 406(b). [Docket No. 33.] This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the motion is granted.

**I. BACKGROUND**

Plaintiff applied for Supplemental Security Income ("SSI") benefits on May 31, 2016 alleging disability beginning on April 7, 2016. Following a hearing, an ALJ issued a decision finding Plaintiff not disabled. After the Appeals Council denied Plaintiff's request for review, she appealed to this court. On March 28, 2022, the court granted Plaintiff's motion for summary judgment and remanded the case for further administrative proceedings. [Docket No. 28.] On remand, an ALJ issued a favorable decision and the Social Security Administration ("SSA") awarded Plaintiff $42,717.56 in past-due disability benefits. [Docket No. 33-4 (Notice of Award).]

1   The retainer agreement between Plaintiff and counsel permits McCombs to request an attorneys' fees award of up to 25% of any past-due benefits awarded. [Docket No. 33-1 (Retainer Agreement). McCombs is requesting an award of attorneys' fees in the amount of $10,679.39, which is 25% of the estimated total award of benefits. *See* Notice of Award. Of this amount, Plaintiff will be refunded $5,400.00 for the Equal Access to Justice Act ("EAJA") fees this court approved on June 28, 2022. [*See* Docket No. 31.]

McCombs served a copy of the motion on Plaintiff on November 6, 2023, over a month after the court-ordered deadline. [Docket Nos. 37 (Proof of Service); 35 (setting Oct. 2, 2023 deadline to file proof of service).] No party has objected to the request.

## II.    LEGAL STANDARD

Under the Social Security Act, an attorney who successfully represents a claimant before a court may seek an award of attorneys' fees not to exceed 25 percent of any past-due benefits eventually awarded. 42 U.S.C. § 406(b). While contingency fee agreements are permissible in Social Security cases, section 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). In deciding whether a fee agreement is reasonable, courts must consider "the character of the representation and the results the representative achieved." *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (quoting *Gisbrecht*, 535 U.S. at 808). The court "first look[s] to the fee agreement and then adjust[s] downward if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." *Id.* While a court may consider an attorney's lodestar in deciding whether an award of fees under section 406(b) is reasonable, "a lodestar analysis should be used only as an aid (and not a baseline) in assessing the reasonableness of the fee." *Laboy v. Colvin*, 631 F. App'x 468, 469 (9th Cir. 2016).

An award of fees under section 406(b) must be offset by any award of fees under EAJA. *Gisbrecht*, 535 U.S. at 796.

2

**III. DISCUSSION**

In this case, McCombs reports that she spent a total of 27.8 hours litigating this case in federal court. [Docket Nos. 33-6 (Nancy McCombs Decl., July 31, 2023) ¶ 3; 33-5 (Timesheet).] Granting the request for $10,679.39 in attorneys' fees would result in an effective hourly rate of $384.15 for this case.[1]

Upon considering the record and arguments, the court finds that the fees requested are reasonable. First, the requested fee amount does not exceed the statutory maximum of 25%. The hours counsel expended also appear to be reasonable. *See* Timesheet.

Second, *Gisbrecht* and *Crawford* make clear that lodestar methodology should not drive fee awards under section 406(b). This is because "the lodestar method under-compensates attorneys for the risk they assume in representing SSDI claimants and ordinarily produces remarkably smaller fees than would be produced by starting with the contingent-fee agreement." *Crawford*, 586 F.3d at 1149; *see also Gisbrecht*, 535 U.S. at 806 (emphasizing that the lodestar calculation is intended to govern in fee-shifting cases, not fee awards under section 406(b)). Indeed, after *Gisbrecht*, "district courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases, accepting that the resulting de facto hourly rates may exceed those for non contingency-fee arrangements." *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (Infante, J.).

Third, California district courts have awarded comparable or greater fees under section 406(b). *See, e.g.*, *Truett v. Berryhill*, 2017 WL 3783892, at *2 (S.D. Cal. Aug. 31, 2017)

---

[1] The court calculates the effective hourly rate based on the requested fee award under section 406(b) without first deducting the EAJA fee award that will be refunded to Plaintiff. This is because section 406 establishes the "exclusive regime for obtaining fees for successful representation of Social Security benefits claimants." *Gisbrecht*, 535 U.S. at 795-96. An attorney may receive fee awards under both EAJA and section 406(b) but because section 406(b) fees are exclusive, the attorney must refund to the claimant the smaller of the fee awards. *Id.* at 796. In other words, the fee awards under those statutes are independent of each other and the court must determine whether the total section 406(b) award is itself reasonable. *See Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1217 (9th Cir. 2012) ("[A]n award under § 406(b) compensates an attorney for *all* the attorney's work before a federal court on behalf of the Social Security claimant in connection with the action that resulted in past-due benefits." (emphasis added)); *see also Ainsworth v. Berryhill*, No. 16-cv-03933-BLF, 2020 WL 6149710, at *2 (N.D. Cal. Oct. 20, 2020) (calculating the effective hourly rate before deducting the EAJA award).

(awarding an attorney 24.9% of the past-due benefits, which resulted in an effective hourly rate of $1,788.62); *Harrell v. Berryhill*, No. 16-cv-2428-TSH, 2018 WL 4616735 (N.D. Cal. Sept. 24, 2018) (awarding $49,584.96 in attorneys' fees, representing an effective hourly rate of $1,213.83 and 24.37% of the past-due benefits); *Ainsworth v. Berryhill*, No. 16-cv-03933-BLF, 2020 WL 6149710, at *2 (N.D. Cal. Oct. 20, 2020) (finding an effective hourly rate of $1,325.34 reasonable); *Ciletti v. Berryhill*, No. 17-cv-05646-EMC, 2019 WL 144584, at *2 (N.D. Cal. Jan. 9, 2019) (granting a fee request for $35,442.00, which constituted 23.47% of the past-due benefits awarded, and resulted in an effective hourly rate of $420.93).

Finally, nothing in the record suggests that McCombs provided substandard representation. She achieved a substantial award of past-due benefits for her client, and as noted, no party objected to the fee request.

In light of the above considerations, the requested fee award is "not excessively large in relation to the benefits achieved." *Crawford*, 586 F.3d at 1151.

## IV.   CONCLUSION

For the reasons stated above, the motion for attorneys' fees is granted. The court awards fees in the amount of $10,679.39. McCombs shall refund Plaintiff the $5,400.00 previously awarded under EAJA.

**IT IS SO ORDERED.**

Dated: December 6, 2023

Donna M. Ryu
Chief Magistrate Judge